■ NORMAN CLINTON et al., Doing Business as KATHY'S HOT DOG TRUCK, Appellants, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent.—Casey, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered April 26, 1990 in Dutchess County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs initiated this suit against defendant in June 1985 alleging five causes of action: fraud, tortious interference with contractual rights, breach of contract, promissory estoppel and specific performance. Supreme Court denied plaintiffs' motion for a preliminary injunction to restrain defendant from continuing a construction project relating to Limekiln Road in the Town of East Fishkill, Dutchess County, and further granted defendant's cross motion for summary judgment to the extent of dismissing the causes of action based upon fraud, tortious interference with contractual rights and promissory estoppel, without prejudice to a motion for summary judgment on the remaining causes of action after issue had been joined. In regard to the dismissal of causes of action based on fraud and promissory estoppel, Supreme Court found that "it [was] clear from the complaint that plaintiffs' reliance on the promises of defendant did not result in any injury to plaintiff[s]". After issue had been joined Supreme Court granted summary judgment to defendant, dismissing plaintiffs' remaining causes

of action for breach of contract and specific performance. Plaintiffs appeal.

We agree with the determination of Supreme Court. Plaintiffs' dispute with defendant stems from the operation of a food truck known as "Kathy's Hot Dog Truck" at a location on Limekiln Road starting in 1982. In the beginning, plaintiffs parked their truck just outside gate five of defendant's facility and later, at defendant's request, moved the truck across Limekiln Road from gate five. When defendant received complaints that the truck was creating a traffic hazard, defendant ordered a study by a safety consultant who concluded that the potential for a traffic accident existed at the truck's site. The Town Board of Fishkill considered a proposed law to prohibit parking at the site, but before any action was taken plaintiffs met with defendant's manager of site support who agreed to help plaintiffs find an alternate site if plaintiffs would not oppose the proposed law. Plaintiffs were aware that defendant had requested Dutchess County to widen Limekiln Road and the Town Board passed the law after telling plaintiffs that it was aware of their agreement with defendant. The Town promised not to enforce the law against plaintiffs until defendant had prepared an acceptable site for them.

Although an alternative site was tentatively agreed upon, it was not readied because defendant discontinued its help to plaintiffs. When the Town Board learned of defendant's disinterest, it repealed the law that prohibited parking on Limekiln Road in March 1985. During all of this time plaintiffs continued to operate their business across the road from gate five. On April 12, 1985, plaintiffs were informed by the County Department of Public Works that a construction project was to commence within 30 days on Limekiln Road to accommodate the increased traffic that would result from defendant's new buildings. The letter from the Commissioner of Public Works also informed plaintiffs that their truck could no longer be parked along Limekiln Road. Plaintiffs were forced to leave their site in June 1985 because of the construction, and when their business became unprofitable they sold the truck and equipment and discontinued this business.

On plaintiffs' appeal, we note that Supreme Court properly granted summary judgment dismissing plaintiffs' causes of action for specific performance and breach of contract. In regard to the cause of action for specific performance, plaintiffs conceded in an examination before trial that such relief was no longer sought. In regard to the breach of contract action, defendant did not own any of the property which

plaintiffs contemplated as an alternative site for their truck. Therefore, defendant was unable to grant plaintiffs any interest in such property, whether by deed, lease or license. It was the County that caused plaintiffs to move off of Limekiln Road and resulted in the decline of their business. Defendant had nothing to do with plaintiffs' moving. Accordingly, Supreme Court correctly granted summary judgment to defendant dismissing the complaint.

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.